# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMOS GONZALEZ-DEJESUS, | Civil No. 3:19-cv-882 |
| Plaintiff | (Judge Mariani) |
| v. | |
| BLANCHE MILD, et al., | |
| Defendants | |

FILED
SCRANTON
JUN 1 1 2019
PER _____ DEPUTY CLERK

## MEMORANDUM

Plaintiff Ramos Gonzalez-DeJesus ("Plaintiff"), an inmate currently confined at the State Correctional Institution, in Coal Township, Pennsylvania ("SCI-Coal Township"), filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Blanche Mild, John E. Wetzel, Deputy Warden Luscavage, Major Tripp, Keri Moore, Dorina Varner, Counselor Santelli, Unit Manager Biscoe, Grievance Coordinator H. Kelly, and Warden Edward Baumbach. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. 6). An initial screening of the complaint has been conducted, and for the reasons set forth below, the motion to proceed *in forma pauperis* will be granted, and Plaintiff will be directed to file an amended complaint.

## I. Screening Provisions of the Prison Litigation Reform Act

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is

proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2] The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

## II. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). *See also Barna v. City of Perth Amboy*, 42 F.3d 809, 815 (3d Cir. 1994).

Plaintiff's entire statement of claim is as follows: "all facts, and date are chronologically listed within the grievance report's; medical sick calls; and letters written to John F. Minzer, Esq., Chief Grievance Coordinator" [sic]. (Doc. 1, p. 2). Plaintiff fails to set forth any specific allegations against any of the named Defendants, and fails to set forth any violations of his constitutional rights. Plaintiff's general statement is insufficient to state a claim for relief. *See Flanagan v. Shively*, 783 F. Supp. 922, 928-29 (M.D. Pa. 1992) (holding that "[p]leading conclusory allegations that, for example, the defendants acted willfully, intentionally and deliberately or with reckless disregard of plaintiff's rights does not suffice" to avoid dismissal for failure to state a claim), *affirmed* 980 F. 2d 722 (3d Cir. 1992),

3

*cert. denied* 510 U.S. 829 (1993). The allegations of the complaint must be supported by facts and must indicate the role each named Defendant allegedly played in the constitutional violations. *See Flanagan*, 783 F. Supp. at 928-29; *Cross v. Losinger*, 2007 WL 954313, *1 (M.D. Pa. 2007) ("[E]ach named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.").

Based on the foregoing, the Court is confident that service of process is unwarranted at this juncture. However, the Court is cognizant of the usual necessity to allow a Plaintiff leave to amend a complaint where it can be remedied by such amendment. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002). Thus, Plaintiff will be granted the opportunity to file an amended complaint. Plaintiff is strictly cautioned that the allegations in the amended complaint "should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights." *Williams v. Pa. Dep't of Corr.*, 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

## III. Conclusion

Plaintiff will be afforded an opportunity to file an amended complaint to sufficiently state a claim for relief. Failure to file a properly supported amended complaint will result in dismissal of this action without further notice of Court.

A separate Order shall issue.

Dated: June ___, 2019

Robert D. Mariani
United States District Judge